655 So.2d 542 (1995)
Brian and Serena VERDIN
v.
MORANIA OIL TANKER CORP.
No. 94 CW 0916.
Court of Appeal of Louisiana, First Circuit.
May 5, 1995.
*543 David J. Shea, Houma, for plaintiffs-respondents.
Alexander N. Breckinridge, IV, New Orleans, for defendant-relator.
Before LOTTINGER, C.J., and SHORTESS, CARTER, WHIPPLE and FOGG, JJ.
SHORTESS, Judge.
Brian Verdin (Verdin) was injured in May 1992 while working as a deckhand for Morania Oil Tanker Corporation (defendant) in New Jersey. Verdin and his wife Serena (plaintiffs) filed a Jones Act claim and maritime action against defendant in Terrebonne Parish.
Defendant filed an exception of lack of in personam jurisdiction. The trial court found defendant had insufficient contacts with the State of Louisiana to support general jurisdiction. However, the court found specific jurisdiction because defendant's contacts with this state in 1988 ultimately led to Verdin's employment with defendant.
Defendant applied for supervisory writs to this court, which were granted, and judgment was entered dismissing plaintiffs' suit.[1] Plaintiffs then applied to the Louisiana Supreme Court for writs, which were granted. The supreme court remanded the case to this court for briefing, argument, and opinion.[2]

LAW
Due process requires that in order to subject a nonresident defendant to a personal judgment, the defendant must have certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. International Shoe Co. v. Washington, 326 U.S. 310, 320, 66 S.Ct. 154, 160, 90 L.Ed. 95 (1945); de Reyes v. Marine Management & Consulting, 586 So.2d 103, 105 (La.1991). In interpreting the due process clause, the United States Supreme Court has recognized a distinction between two types of personal jurisdiction "general" and "specific." A state exercises general jurisdiction when the defendant's contacts with the state are not related to the lawsuit. Specific jurisdiction, on the other hand, is exercised when the suit arises out of or is related to the defendant's contacts with the forum. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414, nn. 8 & 9, 104 S.Ct. 1868, 1872 nn. 8 & 9, 80 L.Ed.2d 404 (1984).

FACTS
Defendant is a Delaware corporation with its principal place of business in New York. Plaintiffs are Louisiana residents. Verdin was hired by defendant in New York and was injured in New Jersey.
In 1988, four years before Verdin's accident, tugboat workers in the northeast United States went on strike. In an effort to hire replacement workers, defendant's employees came to Louisiana, rented hotel rooms, placed newspaper advertisements, and solicited employees. Some of the men interviewed here were later hired in New York. The strike continued, and defendant made a general request to its employees, including its employees who were Louisiana residents, to spread the word that jobs were available in New York with defendant. In 1990 Verdin learned of a job opening with defendant through one of the employees defendant had initially solicited in Louisiana in 1988. He subsequently entered into an employment contract with defendant in New York on November 13, 1990.
Eighteen months later defendant was injured while working in New Jersey. The trial court believed the chain of events from defendant's 1988 solicitation for employees in Louisiana to Verdin's 1992 injury was sufficient to give Louisiana specific jurisdiction over this suit. We disagree. Defendant's *544 1988 contacts with this state are simply too tenuously related to Verdin's accident to provide specific jurisdiction.
We find, however, that defendant's overall contacts with this state, particularly during the time period in which this accident occurred, are sufficient to provide general jurisdiction. Defendant provided marine transportation for asphalt produced by Marathon Oil from its terminal in Garyville, Louisiana, to Marathon terminals in Tampa and Jacksonville, Florida. Marathon used defendant's equipment three times in 1990. One of defendant's vessels was repaired at a Louisiana shipyard from December 1990 through June 1991. After its repair, it loaded cargo at the Marathon terminal in Garyville. Marathon used defendant's equipment in Louisiana four times in 1991. In 1992 and 1993, defendant contracted with Marathon to provide marine transportation from Garyville, Louisiana, to Jacksonville and Tampa. Defendant transported Marathon's asphalt from Louisiana to Florida five times in 1992, the year of Verdin's injury. Marathon's customers have also spot chartered defendant's equipment for loading at Garyville on infrequent occasions.
Because we find there was general jurisdiction, the trial court did not err in overruling defendant's exception to jurisdiction. Thus, the writ is recalled, our previous judgment is recalled and set aside, and costs are assessed to defendant.
WRIT RECALLED, VACATED, AND SET ASIDE.
NOTES
[1] Verdin v. Morania Oil Tanker Corp., 94-0916 (La.App. 1st Cir. 7/5/94) (unpublished opinion).
[2] Verdin v. Morania Oil Tanker Corp., 94-2282 (La. 11/18/94), 646 So.2d 368.